IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN MEREDITH, | * | |
| Plaintiff, | * | No. 06-451C |
| v. | * | (Judge E. Bruggink) |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF JOHN MEREDITH'S MOTION TO COMPEL**

Plaintiff John Meredith, by and through his undersigned counsel, moves to compel discovery from Defendant United States of America, and states as follows:

**INTRODUCTION**

Meredith filed this action seeking compensation for overtime hours he was required to work for the United States at the Veterans' Administration Hospital in Baltimore, Maryland. At times, Meredith was required to work from 9:00 a.m. to as early as 4:00 a.m. the next morning in general radiology and CT technology, and then arrive at work again at 9:00 a.m. for another full day of work. Meredith worked during the day in general radiology, and was on standby for evening and weekend CT work. Standby, or on-call work, had changed throughout Meredith's work at the hospital, from being on standby and called in once or twice a week, to working full evening and weekend shifts.

Through a formal internal investigation, the hospital found that the overtime was excessive and was improperly used as a means to forgo hiring evening and weekend staff.

The United States claims that Meredith is an exempt employee under the FLSA, based on some administrative duties in the general radiology department. As support for

this assertion, United States points to the fact that it designated Meredith as exempt, and its claim that Meredith had authority to make personnel changes.

**DISCOVERY AT ISSUE**

On September 17, 2007 and November 21, 2007, Meredith served interrogatories and document requests, respectively, upon United States requesting GS level and salary of the United States' employees performing work similar to United States. Meredith's interrogatory, and the United States' response, is as follows:

> 2. Provide the GS level and salary of the following persons: (1) Nicole Nosfringer; (2) Willie Lovejoy; and (3) Dennis Platania.
>
> RESPONSE: Defendant objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Meredith's document requests, and the United States' responses, are as follows:

> 3. All documents relating to standby pay and additional monies paid to the following persons pursuant to CT scanning or technology work duties: (1) Nicole Nosfringer; (2) Willie Lovejoy; and (3) Dennis Platania.
>
> RESPONSE: Defendant objects to this request on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
>
> 4. All documents relating to the GS level and salary of the following persons: (1) Nicole Nosfringer; (2) Willie Lovejoy; and (3) Dennis Platania.
>
> RESPONSE: Defendant objects to this request on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

After conferring on the United States' objections, the parties were not able to resolve this discovery dispute. *See* Plaintiff John Meredith's Rule 37 Certification, filed on this day. During the process of conferring, and in an effort to address confidentiality concerns, Meredith offered to drop his request for the salary of the listed persons and

receive only the GS level and grade of the person. The United States rejected that compromise.

## ARGUMENT

Rule 37 of the Rules of the Court of Federal Claims provides that a party may file a motion for an Order compelling a response to written discovery. Here, the United States refused to provide GS level information on employees working similar jobs to Meredith. Such information is clearly relevant to the United States' claim that Meredith was an exempt employee, under the "primary duty" analysis factors set forth in 29 CFR § 541.700. This Code of Federal Regulations section states that in determining whether an employee's primary duty was administrative, one of the factors to be considered by the court is "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 CFR § 541.700(a). The listed employees worked with Meredith in the same department performing the same technologist duties. Thus, under 29 CFR § 541.700, their salary information is relevant to this court's analysis, and this discovery is clearly proper. The United States' objections are improper, and should be rejected, in that this information is clearly relevant to this action under the Code of Federal Regulations. Therefore, this Court should compel the production of this information.

## CONCLUSION

For the reason set forth above, Plaintiff John Meredith respectfully requests that the Court enter an Order compelling Defendant United States of America to provide a substantive response to Meredith's Interrogatory No. 2 from his Second Set of

Interrogatories, and produce documents requested in Meredith's Document Request Nos. 3 and 4 from his Second Set of Requests for Production of Documents.

_______________________________

Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 494-1005

*Attorney for Plaintiff John Meredith*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January 2008, I served the foregoing Plaintiff John Meredith's Motion to Compel and Rule 37 Certification by e-mail, pursuant to the electronic filing system to Robert Chandler, Esquire, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street NW, Washington D.C. 20530

.

______________________________
Donna M.B. King