IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JOHN MEREDITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-451C** |
| **v.** | ) | **(Judge Bruggink)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RESPONSES TO DEFENDANT'S INTERROGATORIES

Pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court order plaintiff, John Meredith, to provide proper responses to certain interrogatories and document requests served upon plaintiff by defendant on August 24, 2007 and December 12, 2007. As explained in detail below, plaintiff's objections in response to these interrogatories and document requests are not valid and are, in many cases, without any basis in the RCFC. The United States certifies that it has in good faith conferred with plaintiff in an effort to secure the disclosure without court action.

On August 24, 2008, defendant served upon plaintiff its first set of interrogatories. Plaintiff served his responses to the first set of interrogatories on November 20, 2007. Exh. 1. On December 12, 2007, the Government served upon Mr. Meredith its second set of interrogatories and document requests, which consisted of just one interrogatory and several requests for the production of documents. Exh. 2.[1/] Plaintiff responded to defendant's second set of interrogatories on December 31, 2008. Generally speaking, plaintiff responded to each

---

1 References to "Interrogatory ___" herein are to the interrogatories propounded as part of the Government's first set of interrogatories. Any references to the sole interrogatory contained in the Governments second set of interrogatories are explicitly identified as such.

interrogatory by stating one or more baseless objections and then providing limited information in response to the interrogatory "notwithstanding [the previously stated] objection." By the terms of plaintiff's responses, then, the information provided by plaintiff does not purport to represent a complete and accurate response to each interrogatory. Instead, Mr. Meredith has objected to each interrogatory, and has then provided some information related to the interrogatory, apparently on a voluntary basis.

On January 3, 2008, defendant's counsel informed plaintiff's counsel that plaintiff's responses to the first and second set of interrogatories were inadequate, and requested the parties meet and confer in order to avoid the necessity of court action. The Government's counsel and Mr. Meredith's counsel convened a conference call on January 9, 2008 in order to discuss the inadequacies in Mr. Meredith's responses.

During the call, and in a subsequent letter memorializing the conversation, Government counsel informed Mr. Meredith's counsel that the majority of Mr. Meredith's objections were without any basis in the RCFC. Exh. 3. In addition, Government counsel noted that Mr. Meredith had provided only limited information in response to the Government's several contention interrogatories, which requested a description of the evidence supporting Mr. Meredith's contentions as to all of the legal issues in the case. In fact, the only evidence cited by Mr. Meredith was his own deposition testimony and a handwritten chart produced on the day of his deposition. Government counsel informed Mr. Meredith's counsel that if Mr. Meredith had additional evidence supporting his contentions, he must supplement his interrogatory responses; Government counsel also indicated that if Mr. Meredith did not supplement his responses, the Government would move the Court for an order preventing plaintiff from presenting at trial any

evidence not described in his interrogatory responses. In response, plaintiff's counsel agreed to reconsider the objections and to consider supplementing plaintiff's responses.

Mr. Meredith declined to supplement most of his responses. On January 18, 2008, Government counsel informed Mr. Meredith's counsel that the Government intended to file a motion to compel. Since that date, in telephone conferences on January 23, 24 and 25, 2008, Government counsel has attempted to persuade Mr. Meredith's counsel to at least drop Mr. Meredith's objections, explaining that the inclusion of these baseless objections made it unclear whether his responses were intended to be completely responsive to each respective interrogatory. In each of those teleconferences, and in a letter dated January 23, 2008, Mr. Meredith's counsel declined to withdraw the objections to the Government's interrogatories and document requests.

## ARGUMENT

### I. Mr. Meredith's Objection That The Information Sought Is Contained In His Deposition Is Not a Valid Objection (Interrogatories 1 through 10)

Mr. Meredith's principal objection is stated in response to Interrogatories 1 through 10, each of which requests that Mr. Meredith "describe in full and complete detail all testimonial and documentary evidence that supports [his various contentions in this litigation]." In response, Mr. Meredith objects, in part, that those interrogatories "seek[] a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover."

There are several problems with this objection. First, it is not responsive to the discovery requests. Each request seeks a description of evidence relating to a particular contention,

regardless of whether that evidence has been the subject of discovery in this case. Thus, if Mr. Meredith intends to rely upon the testimony of witnesses that have not been deposed or on documents that have not been produced, he must describe them in response to this interrogatory. Mr. Meredith's objection, however, assumes that the information sought by the interrogatory is limited to information already made available through discovery. That is, Mr. Meredith's objection is, essentially, that Mr. Meredith should not be required to respond to the interrogatories because the information sought by them is already in the possession of the United States. That is not the case, however; in addition to the information that has been provided during discovery, the Government seeks information about Mr. Meredith's contentions in this case and the evidence he plans to use to support those contentions, including evidence that has not been identified previously during discovery. If Mr. Meredith were allowed to stand on this objection, he would be able to avoid having to inform the Government (either directly or by inference) whether he intends to rely at trial upon evidence that has not been the subject of discovery. This would subject the United States to the kind of trial by ambush that the discovery rules are designed to avoid.

Second, the RCFC does not provide any basis for this objection. Indeed, in the several conferences between counsel, Mr. Meredith's counsel has not been able to identify a basis for the contention that facts allegedly known to the Government through prior discovery are not discoverable. In fact, the opposite is true: a party generally is permitted during discovery to inquire about facts already known to him or her. 8 Fed. Prac. & Proc. Civ.2d § 2014.

In his response, Mr. Meredith may argue that RCFC 26(b)(2)(C)(ii) provides a basis for this objection. That section of the RCFC permits the Court to limit discovery where "the party

seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Mr. Meredith may argue that the Government had ample opportunity to obtain the information sought when the Government deposed Mr. Meredith. That is not the case. While Mr. Meredith may have testified at his deposition regarding the facts underlying his contentions, he did not, as requested by the interrogatories, state how the underlying facts support his contentions in this litigation. Moreover, he could not have testified about the potential testimony of other witnesses in support of his contentions. Nor could the Government have asked questions regarding documents Mr. Meredith claims support his position that were not already produced during discovery.

In short, the challenged interrogatories are not duplicative of discovery already taken in this case, as Mr. Meredith suggests. In this regard, we note that the Government has engaged in very limited discovery in this case, serving 21 interrogatories (which were nearly all objected to by Mr. Meredith and are the subject of this motion to compel), two sets of requests for the production of documents (in response to which Mr. Meredith produced approximately 600 pages) and just one deposition. This clearly is not the type of case envisioned by RCFC 26(b)(2)(C)(ii), where a party has engaged in extensive discovery and then seeks information it already has or should have obtained through other discovery. Rather, in this case, the plaintiff is seeking to avoid a significant portion of the limited discovery propounded by the Government.

**II. Mr. Meredith's Objection That Certain Interrogatories <u>Seek A Legal Conclusion Is Not Valid (Interrogatories 4 through 10)</u>**

Mr. Meredith has objected to Interrogatories 4 through 10, in part, on the basis that they seek legal conclusions. This objection plainly is not valid. RCFC 33(c) expressly states that "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact ... ." Thus, Mr. Meredith's objection is expressly impermissible pursuant to RCFC 33(c).

We note that although RCFC 33(c) permits the Court to defer the answering of such interrogatories until later stages of the case, the Court should not do so here. First, plaintiff has not objected to the subject interrogatories on the basis that it would be premature to answer them; rather, Mr. Meredith contends that he should not be required to respond at all. Mr. Meredith should not be permitted to raise this prematurity objection at this stage, more than two months after Mr. Meredith served his discovery responses. In addition, discovery in this case is scheduled to conclude on January 31, 2008 and, thus, is nearly complete. Because plaintiff will have completed discovery by the time the Court issues an order in response to this motion, we respectfully request that the Court order Mr. Meredith to respond to these interrogatories immediately.

**III. The Terms "Personnel Action" and "Authority" <u>Are Not Vague and Ambiguous (Interrogatories 2 through 4)</u>**

Mr. Meredith objects to Interrogatories 2, 3 and 4, in part, on the ground that the terms "personnel action" and "authority" are vague and ambiguous. These terms are not vague or ambiguous, and the very notion that they might be is belied by Mr. Meredith's voluntary response to those interrogatories, which employs those terms liberally. Mr. Meredith fails to

explain the reason he believes these terms are ambiguous in his interrogatory responses, and his counsel did not articulate a basis for his view in counsels' conference.

## IV. Mr. Meredith's Remaining Objections are Not Valid

**Interrogatory 1.** Interrogatory 1 requests a description of the evidence supporting Mr. Meredith's contention that the Government's designation of him as an exempt employee was not reasonable or made in good faith, if he so contends. Mr. Meredith objects to this interrogatory because, he alleges, the interrogatory contains a faulty premise, namely, that the Government classified Mr. Meredith as an exempt employee. Regardless of whether Mr. Meredith was in fact categorized as exempt, however, he is able to respond to the interrogatory as posed. If his position is simply that he was not classified as exempt, and that there is no issue of reasonableness or good faith, then he can state as much in response to the interrogatory. If his position is that he was not classified as exempt and that, alternatively, any such classification was not reasonable or not in good faith, he can state so in his response and provide a description of the evidence supporting his contention that the classification was not reasonable or not in good faith. In any event, Mr. Meredith has not stated a valid objection to this interrogatory.

**Interrogatory 12.** Mr. Meredith objects that this interrogatory is vague and ambiguous. The interrogatory is stated in clear and simple language, however, and is not vague or ambiguous. Mr. Meredith has failed entirely to explain why he is not able to decipher this interrogatory.

**Interrogatories 13 and 14.** Mr. Meredith has failed to provide a complete response to this interrogatory. His initial response, and the supplement he provided, do not identify all of the

figures used to arrive at his damages figure, and fail to describe the evidence supporting the use of such figures.

**Interrogatory 15.** Interrogatory 15 requests a description of the evidence supporting the allegations contained in paragraph 4 of Mr. Meredith's complaint. In short, paragraph 4 of the complaint alleges that Mr. Meredith was required to work overtime. Mr. Meredith objects that this request is vague, overbroad and burdensome. There is no basis for Mr. Meredith's vagueness objection, as Interrogatory 15 merely asks for a description of evidence supporting an allegation in Mr. Meredith's own complaint. Moroever, the request is not overbroad or unduly burdensome because the allegations in paragraph 4 - that Mr. Meredith was required to work overtime - are at the very heart of his complaint.

**Interrogatory 1, Document Request 6, Defendant's Second Set of Interrogatories and Document Requests**. The aforementioned interrogatory and document request seek information regarding any employment Mr. Meredith might have engaged in outside of his work for the VA hospital. Mr. Meredith objects to these discovery requests, arguing that information about work he performed outside of his job at the VA hospital is not relevant to this action. To the contrary, Mr. Meredith has alleged that he is entitled to compensation for the time he was on standby because he was unable to engage in other personal activities. Evidence that Mr. Meredith held another job clearly would be relevant to this issue. Moreover, Mr. Meredith has claimed entitlement to damages based upon the sheer excessiveness of the hours that he worked. Again, the claim that his work hours were excessive would be undermined by evidence that Mr. Meredith was engaged in other employment.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court enter an order compelling Mr. Meredith to respond to the interrogatories and document requests described in this motion.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Robert E. Chandler
Robert E. Chandler
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-1011

Attorneys for Defendant

January 25, 2008

CERTIFICATE OF FILING

I hereby certify that on this 25th day of January 2008, a copy of the foregoing "DEFENDANT'S MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler