Exhibit 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN MEREDITH, | * | |
| Plaintiff, | * | No. 06-451C |
| v. | * | (Judge E. Bruggink) |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF JOHN MEREDITH'S RESPONSES TO DEFENDANT UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

Plaintiff John Meredith, by his undersigned counsel, hereby responds to Defendant United States of America's ("United States") Interrogatories as follows:

## INTRODUCTION

This Response is made in accordance with the applicable Federal Rules of Civil Procedure. In the event any portion of the instructions and definitions contained in Defendant's Interrogatories conflicts with the applicable Federal Rules, or attempts to impose requirements beyond those imposed by the applicable Federal Rules, the applicable Federal Rules and their requirements shall prevail.

The information contained herein is not based solely upon the knowledge of the executing individual but comes from various sources, including the knowledge of Plaintiff's agents, representatives, colleagues, and attorneys, unless privileged. Plaintiff has not included in these Responses any information covered by the attorney-client or attorney work product privileges. The information provided represents the best information available at this time, but Plaintiff reserves the right to supplement or change

his responses pursuant to the Federal Rules of Civil Procedure based on additional information that may become available to it. The word usage and sentence structure contained herein is that of the attorneys who prepared these responses, and said language does not purport to be the exact language of the executing individual.

Some information may be responsive to more than one interrogatory. Whenever such information is furnished in response to one interrogatory, such information also is being furnished in response to other pertinent interrogatories, although not necessarily specifically mentioned in the responses to those interrogatories. These responses are made without waiving any of Plaintiff's objections.

Notwithstanding the general objections and the specific objections to individual interrogatories set forth below, Plaintiff has attempted to provide reasonable, substantive, and factual responses where possible. Plaintiff's responses will be subject to and without waiving any objections and conditions.

## GENERAL OBJECTIONS

1. <u>Supplementation of Responses</u>. The Federal Rules of Civil Procedure govern the duty of a party to supplement discovery responses. To the extent that the requests seek to vary or add to the requirements of the Federal Rules, Plaintiff objects to the requirements imposed thereby. Plaintiff reserves the right, however, to supplement or amend his responses should additional information called for by the requests be discovered.

2. <u>Attorney-Client Privilege</u>. Plaintiff objects to all of the requests to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine, and/or other relevant privileges.

3. Confidential Information. Plaintiff objects to all of the requests to the extent they seek discovery of irrelevant, confidential, and/or personal information concerning persons not parties to this suit.

**INTERROGATORIES**

1. If you contend that the Government's classification of plaintiff as an exempt employee pursuant to FLSA was not reasonable or not made in good faith, describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that the United States in this interrogatory presumes that the United States has made a classification of plaintiff as an exempt employee. Plaintiff further objects to this interrogatory on the ground that the United States does not identify by document, or time and place any classification of exemption. Plaintiff also objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover.

Notwithstanding these objections, Plaintiff states that the United States did not classify Plaintiff as an exempt employee because Plaintiff has received overtime throughout his employment with the Veteran's Administration. In the event that the United States at one time classified Plaintiff as an exempt employee, such status was abandoned or reversed, because at least during the period of time at issue in this action, Plaintiff received overtime pay for hours over 40 for work during the day in his supervisory diagnostic radiologic technologist position.

In addition, a comparison of hours spent on purported supervisory functions versus radiologic and CT scanning work demonstrates that the primary and majority work of Plaintiff was nonsupervisory. Moreover, standby in itself is inconsistent with a classification of exempt.

Plaintiff relies on his deposition testimony of his job description. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

2. If you contend that plaintiff lacked the authority to make personnel changes, including, but not limited to, (i) selecting, (ii) removing, (iii) advancing in pay, or (iv) promoting subordinate employees, describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to the undefined phrase and term "personnel ıanges" and "authority" as vague and ambiguous. Plaintiff also objects to this ıterrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position he did not have "authority" or responsibility to make personnel changes or salary changes or promotion. Plaintiff refers the United States to Plaintiff's deposition in this action, including, but not limited to, testimony that Plaintiff provided the facts relating to employee discipline situations to Human Resources, and Human Resources made recommendations to Robert Cox for

decision and action. Plaintiff states that such action was a small part of the work performed by him at the Veteran's Administration.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

3. Describe the extent to which plaintiff had authority to suggest or recommend personnel changes, including, but not limited to, (i) selecting, (ii) removing, (iii) advancing in pay, or (iv) promoting subordinate employees, and, describe in full and complete detail all testimonial and documentary evidence that supports your description. If you contend that plaintiff lacked the authority to suggest or recommend such personnel changes, describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to the undefined phrase and term "personnel changes" and "authority" as vague and ambiguous. Plaintiff also objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover.

Notwithstanding this objection, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory Nos.1 and 2. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position he did not have "authority" or responsibility to suggest or make personnel changes. Plaintiff had no power to create positions. The HR Department made decisions on persons to be interviewed for positions. Personnel change decisions were made by Robert Cox and the HR Department. Plaintiff also refers to his deposition in this action, where he testified that he had no authority to discipline employees.

Plaintiff reserves the right to rely on any testimony made in this action or documents produced in this action.

4. If the Plaintiff did have the authority to suggest or recommend personnel changes described in Interrogatory 3, and if you contend that those suggestions or recommendations were not given "particular consideration," as that term is used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to the undefined phrase and term "personnel changes" and "authority" as vague and ambiguous. Plaintiff also objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, Plaintiff refers the United States to the response to Interrogatory Nos.1 and 2. In addition, Plaintiff states that that with regard to his supervisory diagnostic radiologic technologist position, Plaintiff did not have "authority" to make or suggest personnel changes, and states that the decisionmakers were Human Resources and Robert Cox. Therefore, there was no recommendation from Plaintiff that would be given "particular consideration." Moreover, for many years the hospital was short-staffed on CT technologists, and Plaintiff raised this with Cox, but Plaintiff's statement of the need for more technicians was not given particular consideration.

Plaintiff reserves the right to rely on other testimony made in this action or documents produced in this action.

5. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in "work planning and organization," as those terms are used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position he created schedules for the six imaging rooms and coordinated patient care, and such routine work was not performed with discretion and independent judgment.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

6. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in "work assignment," as those terms are used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position he created schedules for the

six imaging rooms and coordinated patient care, and such routine work was not performed with discretion and independent judgment.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

7. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in the "direction" of "subordinates," as those terms are used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position that he created schedules for the six imaging rooms and coordinated patient care, and such routine work was not performed with discretion and independent judgment and was not the management of subordinates.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

8. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in the "review" of subordinates, as those terms are used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in his supervisory diagnostic radiologic technologist position, he filled out forms created by the United States in evaluating others in the department, and such regulated review was not performed with discretion and independent judgment.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

9. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in the "evaluation" of subordinates, as those terms are used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory No.1. In addition, Plaintiff states that in

his supervisory diagnostic radiologic technologist position, he filled out forms created by the United States in evaluating others in the department, and such regulated review was not performed with discretion and independent judgment. Plaintiff further states that he did not discipline employees, and his only involvement in discipline was in investigating and conveying the investigation to HR.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

10. If you contend that Plaintiff does not customarily and regularly exercise discretion and independent judgment in "aspects of management of subordinates," other than those described in Interrogatories 5-9, as that term is used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it seeks a citation to deposition testimony that is in Defendant's possession, including deposition testimony made upon Defendant's own questioning, for which Defendant has the same ability to discover. Plaintiff further objects to this interrogatory on the ground that it seeks a legal conclusion.

Notwithstanding these objections, in response to this interrogatory, Plaintiff refers the United States to the response to Interrogatory Nos.1 through 9. Plaintiff states that his assignment of staff to six imaging rooms, investigating discipline issues, reporting to HR and Robert Cox and coordinating work flow is not the exercise of discretion and independent judgment in management.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

11. If you contend that the Government's violation of FLSA, if any, was "willful," as that term is used in 5 C.F.R. § 551.205(a)(1), describe in full and complete detail all testimonial and documentary evidence that supports your contention.

RESPONSE: Plaintiff objects to this interrogatory on the ground that the word "willful" does not appear in 5 C.F.R. § 551.205(a)(1).

12. Identify each occurrence for which you contend plaintiff is entitled to overtime pay pursuant to FLSA. For each such occurrence, identify the date, the time at which plaintiff's entitlement to overtime pay began accruing, the event that triggered the accrual of plaintiff's entitlement to overtime pay, the time at which plaintiff's entitlement to overtime pay ceased accruing, and the event that triggered the cessation of the accrual of plaintiff's entitlement to overtime pay. Describe in full and complete detail all testimonial and documentary evidence that supports your contentions in response to Interrogatory 12.

RESPONSE: Plaintiff objects to this interrogatory as vague and ambiguous. Notwithstanding this objection, Plaintiff states that he has provided in this action, on the date of his deposition, a listing of overtime for the 2003 through 2005 time period. The event that triggered the accrual of overtime pay is work performed after 5 p.m. on weekdays and work during weekends. *See* Response to Interrogatory No. 13.

Plaintiff reserves the right to rely on any testimony made in this action or documents produced in this action.

13. State the amount of damages to which you contend plaintiff is entitled, and explain the method employed, including all figures used and calculations made, to arrive at that damages figure.

RESPONSE: Plaintiff contends that he is entitled to overtime pay for the time of actual work that was after 5 p.m. on weekdays and on weekends. When Plaintiff agreed to be on standby, the United States represented to him that his standby obligations were to be available to come to work in evenings or weekends if needed, and that he would be on standby one week per month and would be needed to come into work one or two times

during that week. This representation was accurate at the time that he began standby work in 1989. However, the standby obligations increased through the years, as reflected in the handwritten list produced by Plaintiff during his deposition. As found by Cynthia Wiley in her formal grievance investigation, overtime was excessive. Plaintiff is entitled to overtime pay for these excessive hours.

Plaintiff contends first that his hours were so excessive for standby that the Veteran's Administration standby pay calculations do not apply. That is, the standby pay calculations imply a reasonable workweek, and Plaintiff here was forced to work excessive hours. These hours were far beyond the requirements stated to Plaintiff when he began standby work. Moreover, overtime pay is required for overtime duty in excess of the regularly scheduled weekly tour. *See* 5 U.S.C. § 5545(c)(1). Using a comparable system, the standby system set up for firefighters, 5 U.S.C. § 5542(f), Plaintiff would be entitled to time and one-half overtime for all hours over 53 per week or 106 hours in a two week period.

In the alternative, when on standby in the evenings, Meredith in fact was required to stay after 5 p.m. until approximately 8 p.m. rather than to go home on standby. These 5 p.m. to approximately 8 p.m. are not standby hours, but were an evening shift. Meredith is entitled to time and one-half for those hours, in accordance with the handwritten chart provided to the United States during Meredith's deposition.

Plaintiff is in the process of completing these calculations of specific damages.

In the event that a calculation strictly made in accordance with the Veteran's Administration's standby calculations is appropriate, Plaintiff will provide the damages calculation upon receipt of additional discovery from the United States.

Plaintiff is also entitled to liquidated damages and attorneys fees under the Fair Labor Standards Act. Liquidated damages would be an amount equal to the total of the calculations set forth above.

14. Describe in full and complete detail all testimonial and documentary evidence supporting the figures used in your damages calculation in response to Interrogatory No. 13.

RESPONSE: Plaintiff refers the United States Plaintiff's response to Interrogatory No. 13, and to the testimony of Plaintiff in to the handwritten chart produced to the United States during Plaintiff's deposition. from his review of records of CT scanning work on weekday evenings and weekends. In addition, Plaintiff refers the United States to the report of Cynthia Wiley, and to the documents produced on November 20, 2007.

Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

15. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 4 of plaintiff's complaint.

RESPONSE: Plaintiff objects to this interrogatory on the ground that it is vague, overbroad and burdensome. Paragraph 4 contains general information about Plaintiff's work at the Veteran's Administration.

Notwithstanding these objections, Plaintiff refers the United States to the handwritten chart produced to the United States during Plaintiff's deposition. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

16. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 5 of plaintiff's complaint.

RESPONSE: Plaintiff refers the United States to the handwritten chart produced to the United States during Plaintiff's deposition, and to Plaintiff's deposition testimony regarding the extent of the CT scan work he was forced to perform evenings and weekends. Plaintiff also refers to Robert Cox's deposition, where he acknowledged the growth in evening and weekend CT scan work. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

17. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 6 of plaintiff's complaint.

RESPONSE: Plaintiff refers the United States to the handwritten chart produced to the United States during Plaintiff's deposition, and to Plaintiff's deposition testimony regarding the extent of the CT scan work he was forced to perform evenings and weekends. Plaintiff also refers to Robert Cox's deposition, where he acknowledged the growth in evening and weekend CT scan work. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

18. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 7 of plaintiff's complaint.

RESPONSE: Plaintiff states that paragraph 7 of Plaintiff's Complaint contains a error in that the United States paid standby pay to Plaintiff of twenty-five percent (25%) of Plaintiff's salary. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

19. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 8 of plaintiff's complaint. In particular, describe the evidence supporting (i) the allegation that plaintiff requested overtime compensation and (ii) the allegation that defendant refused plaintiff's request for overtime compensation.

RESPONSE: Plaintiff states that paragraph 8 of Plaintiff's Complaint contains a error in that the United States paid overtime to Plaintiff for work during the day in his supervisory diagnostic radiologic technologist position, but not overtime for his evening and weekend work as a CT technologist. Plaintiff refers to paycheck information documenting this overtime. Plaintiff reserves the right to rely on any other testimony made in this action or documents produced in this action.

20. Describe in full and complete detail all testimonial and documentary evidence supporting the allegations contained in paragraph 9 of plaintiff's complaint.

RESPONSE: James Nicholson is no longer a party to this action.

Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 494-1005

*Attorney for Plaintiff John Meredith*

**CERTIFICATE OF SERVICE**

I hereby certify that on this ~~20th~~ 21st day of November 2007, I served the foregoing Plaintiff John Meredith's Responses to Defendant United States of America's First Set of Interrogatories by facsimile and First Class mail to Robert Chandler, Esquire, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street NW, Washington D.C. 20530, counsel for the United States of America.

Donna M.B. King

Exhibit L

Chandler, R 12008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN MEREDITH, | * | |
| Plaintiff, | * | No. 06-451C |
| v. | * | (Judge E. Bruggink) |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF JOHN MEREDITH'S RESPONSES TO DEFENDANT UNITED STATES OF AMERICA'S SECOND SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff John Meredith, by his undersigned counsel, hereby responds to Defendant United States of America's ("United States") Interrogatories and Document Requests as follows:

**INTRODUCTION**

This Response is made in accordance with the applicable Federal Rules of Civil Procedure. In the event any portion of the instructions and definitions contained in Defendant's Interrogatories conflicts with the applicable Federal Rules, or attempts to impose requirements beyond those imposed by the applicable Federal Rules, the applicable Federal Rules and their requirements shall prevail.

The information contained herein is not based solely upon the knowledge of the executing individual but comes from various sources, including the knowledge of Plaintiff's agents, representatives, colleagues, and attorneys, unless privileged. Plaintiff has not included in these Responses any information covered by the attorney-client or attorney work product privileges. The information provided represents the best

154-06-451

information available at this time, but Plaintiff reserves the right to supplement or change his responses pursuant to the Federal Rules of Civil Procedure based on additional information that may become available to it. The word usage and sentence structure contained herein is that of the attorneys who prepared these responses, and said language does not purport to be the exact language of the executing individual.

Some information may be responsive to more than one interrogatory. Whenever such information is furnished in response to one interrogatory, such information also is being furnished in response to other pertinent interrogatories, although not necessarily specifically mentioned in the responses to those interrogatories. These responses are made without waiving any of Plaintiff's objections.

Notwithstanding the general objections and the specific objections to individual interrogatories set forth below, Plaintiff has attempted to provide reasonable, substantive, and factual responses where possible. Plaintiff's responses will be subject to and without waiving any objections and conditions.

**GENERAL OBJECTIONS**

1. Supplementation of Responses. The Federal Rules of Civil Procedure govern the duty of a party to supplement discovery responses. To the extent that the requests seek to vary or add to the requirements of the Federal Rules, Plaintiff objects to the requirements imposed thereby. Plaintiff reserves the right, however, to supplement or amend his responses should additional information called for by the requests be discovered.

2. Attorney-Client Privilege. Plaintiff objects to all of the requests to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine, and/or other relevant privileges.

3. Confidential Information. Plaintiff objects to all of the requests to the extent they seek discovery of irrelevant, confidential, and/or personal information concerning persons not parties to this suit.

## INTERROGATORY RESPONSES

1. Describe any and all paid work performed by plaintiff from 2002 through 2005, other than for his job with DVA. For such work, identify the person(s) paying for such work, the relationship between plaintiff and such person (i.e., employer/employee, contract labor, etc.), the dates plaintiff performed such work, the number of hours plaintiff performed such work on each date, and the amount of plaintiff's compensation for such work.

RESPONSE: Plaintiff objects to this interrogatory on the ground that seeks information, to the extent that such information exists, that is not relevant to this action.

## DOCUMENT REQUEST RESPONSES

1. Produce any and all documents related to disciplinary matters, including, but not limited to, the referrals identified on pages 103 to 106 of the transcript of plaintiff's deposition and the factors identified on pages 119 to 122 of the transcript of plaintiff's deposition.

RESPONSE: Plaintiff has requested but has not received the pages to which Defendant refers in this document request. Plaintiff states that he is not in possession of documents relating to disciplinary matters. Plaintiff may revise this response when he receives said pages.

2. Produce any and all policy documents that plaintiff prepared, created or with respect to which plaintiff provided any information or advice related to their preparation or creation, including, but not limited to the policy document(s) described on pages 146 to 149 of the transcript of plaintiff's deposition.

RESPONSE: Plaintiff has requested but has not received the pages to which Defendant refers in this document request. Plaintiff states that he is not in possession of "policy documents". Plaintiff may revise this response when he receives said pages.

3. Produce the orientation checklist described on page 218 of the transcript of plaintiff's deposition.

RESPONSE: Plaintiff has requested but has not received the pages to which Defendant refers in this document request. Plaintiff states that he is not in possession of an orientation checklist. Plaintiff may revise this response when he receives said pages.

4. Produce all documents related to the performance evaluations, including, but not limited to, the form plaintiff used for performance evaluations described on page 221 of the transcript of plaintiff's deposition.

RESPONSE: Plaintiff has requested but has not received the pages to which Defendant refers in this document request. Plaintiff states that he is not in possession of documents relating to performance evaluations. Plaintiff may revise this response when he receives said pages.

5. Produce any and all written requests by plaintiff to be removed from standby or call duty.

RESPONSE: Plaintiff has produced relevant nonprivileged documents in his possession that are responsive to this request.

6. Produce any and all documents reflecting the amount and/or sources of plaintiff's income for the years 2002 through 2006, including, but not limited to, any tax documents, checks, pay stubs or check stubs and any statements or summaries of income.

RESPONSE: Plaintiff objects to this interrogatory on the ground that seeks information not relevant to this action.

7. Produce any and all schedules prepared by or maintained by plaintiff.

RESPONSE: Plaintiff objects to this interrogatory on the ground that the undefined term "schedules" is vague and ambiguous. To the extent that Defendant is referring to room

assignments and employee work schedules, Plaintiff states that he is not in possession of documents responsive to this request.

8. Produce any or all documents the [sic] relate the approval or disapproval of leave requests from plaintiff's subordinates.

RESPONSE: Plaintiff objects to the undefined term "subordinates" as vague and ambiguous. Notwithstanding this objection, Plaintiff states that he is not in possession of documents relating to requests for leave.

9. Produce any or all documents relating to the training or new staff members.

RESPONSE: Plaintiff states that he is not in possession of documents that are responsive to this request.

10. Produce any or all documents relating to the reporting of staff hours.

RESPONSE: Plaintiff objects to the undefined phrase "reporting of staff hours" as vague and ambiguous. Notwithstanding this objection, Plaintiff states that he is not in possession of documents relating to employee time.

11. Produce any or all documents reflecting the amount of time plaintiff worked or the hours spent at work.

RESPONSE: Plaintiff has produced relevant nonprivileged documents in his possession that are responsive to this request.

12. Produce any or all documents relating to the advances in pay for subordinates.

RESPONSE: Plaintiff objects to the undefined phrase "advances in pay for subordinates" as vague and ambiguous. Notwithstanding this objection, Plaintiff states that he is not in possession of documents responsive to this request.

13. Produce any or all documents relating to the promotion or demotion of subordinates.

RESPONSE: Plaintiff objects to the undefined term "subordinates" as vague and ambiguous. Notwithstanding this objection, Plaintiff states that he is not in possession of documents relating to requests for leave.

Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 494-1005

*Attorney for Plaintiff John Meredith*

**VERIFICATION**

I hereby affirm, under penalty of perjury, that the foregoing responses are true and correct to the best of my knowledge, information and belief.

John Meredith

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December 2007, I served the foregoing Plaintiff John Meredith's Responses to Defendant United States of America's Second Set of Interrogatories and Second Requests for Production of Documents by facsimile and First Class mail to Robert Chandler, Esquire, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street NW, Washington D.C. 20530, counsel for the United States of America.

Donna M.B. King

Exhibit 3

**U.S. Department of Justice**

Civil Division

JED:TMH:REChandler
D.J.# 154-06-451

Telephone:
(202) 514-4678

*Washington, D.C. 20530*

January 9, 2008

BY ELECTRONIC MAIL AND U.S. MAIL

Donna M. B. King
Law Office of Donna M. B. King, LLC
309 West Pennsylvania Avenue
Towson, MD 21204

Re: Meredith v. United States,
No. 06-451C (Fed. Cl.)

Dear Ms. King:

This letter memorializes our teleconference this afternoon regarding your objections to the Government's first and second set of interrogatories and second set of requests for production of documents. During our call, we also addressed your concerns about the Government's objections to your third set of interrogatories and your most recent requests for the production of documents.

As I stated in our call today, plaintiff's responses to the Government's first set of interrogatories are wholly inadequate. In response to interrogatories 1 through 10, 12, 14 and 15, plaintiff has asserted objections that have no basis in the Rules of the Court of the Federal Claims ("RCFC"). Moreover, plaintiff's responses to interrogatories 1 through 12 and 14 through 20 are not responsive, incomplete and evasive, and therefore constitute a failure to respond to those interrogatories. Plaintiff's responses consistently fail to "describe in full in complete detail all testimonial and documentary evidence supporting" plaintiffs contentions, as specifically demanded by the Government's interrogatories. Indeed, the only evidence cited by plaintiff in response to those interrogatories was the deposition testimony of plaintiff and a handwritten chart he produced on the day of that deposition. If that is, in fact, the only evidence plaintiff will describe in response to those interrogatories, please be aware that the Government will seek from the Court an order preventing plaintiff from offering additional evidence at trial and/or an order granting summary judgment in favor of the Government with respect to particular claims and defenses, as appropriate.

With respect to our second set of interrogatories and document requests, you have objected to our request for information relating to income Mr. Meredith received from

employment other than employment from the Department of Veterans Affairs (see Interrogatory 1 and Document Request 6) on the ground that the information is not relevant to the claims or defenses asserted in this action. As I explained, however, this information is directly relevant to your theory that Mr. Meredith is entitled to compensation because the demands of his job were "excessive." See Plaintiff's Response to Defendant's First Set of Interrogatories, page 12.

I also pointed out that plaintiff had inappropriately limited its response to Document Request 7, and that we expect plaintiff to provide a response that is of the same scope as the request.

I note that in response to these concerns, plaintiff has agreed to reconsider its responses. As I explained during our call, it is imperative that this matter be resolved as soon as practicable. The Government served its first set of interrogatories in August 2007 and did not receive plaintiff's response until December 3, 2007. We were patient and cooperative in granting extensions based upon an implicit understanding that plaintiff would not evade our interrogatories or take steps to frustrate their purpose. As a measure of good faith in the conduct of discovery, we have extended to plaintiff one more opportunity to respond to our interrogatories in a manner that is compliant with the RCFC. The parties have agreed that, if plaintiff decides to supplement its responses, it will do so on or before January 16, 2008. If plaintiff fails again to provide adequate responses to our interrogatories, we will file a motion to compel on or before January 25, 2008. In addition, we reserve the right to move for other appropriate relief at a later date.

With respect to plaintiff's third set of interrogatories and most recent request for the production of documents, we objected to Interrogatory 2 and Document Requests 3 and 4, which request information related to the GS level and salary of particular employees of the hospital, are not relevant and do not require a response. Moreover, as I indicated during our call, you have asserted no basis to engage in such an intrusion on the privacy of the hospital's employees. The Government continues to adhere to this view and will not produce the requested information without an order from the Court.

In addition, you raised an issue with respect to our objection that your request for computer software in Document Request 2 was vague and ambiguous. You explained that in this request, plaintiff seeks the ability to run a copy of the VA's payroll software from plaintiff's computer in order to emulate the calculation of standby pay. With that understanding, I indicated to you that I would explore whether that was feasible. Please note, however, that the Government does not waive any of its objections with respect to Document Request 2; we are simply willing to respond to the request on the basis of our new understanding of the request.

I should note also that at one point during this discussion, you indicated your intent to submit a motion to compel with respect to Document Request 2 after you had the opportunity to depose a witness on the topic of the calculation of standby pay. We believe it would be highly inappropriate for plaintiff to move to compel additional responses to its previous interrogatories based upon an understanding of the interrogatory gained through subsequent discovery. No part of our conversation today should be understood to countenance this course of proceeding.

Please let me know if you have any questions with regard to any of the above.

Very truly yours,

ROBERT E. CHANDLER
Trial Counsel
Commercial Litigation Branch