IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN MEREDITH, | * | |
| Plaintiff, | * | No. 06-451C |
| v. | * | (Judge E. Bruggink) |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF JOHN MEREDITH'S MOTION FOR LEAVE TO FILE OBJECTIONS TO WITNESS LIST AND EXHIBIT LIST, AND OBJECTIONS TO WITNESS LIST AND EXHIBIT LIST**

Plaintiff John Meredith, by his undersigned attorney, moves for leave to file objections to Defendant United States of America's ("United States") Witness List and Exhibit List, and, for brevity, files his objections herein, and states as follows:

1. On June 27, 2008, United States filed its Witness List, listing for the first time an individual named Charlene Frantz. Ms. Frantz was never identified in discovery as an individual with knowledge relating to the facts and allegations of this case. The United States never listed her in a Witness List as a trial witness until June 27, 2008. Therefore, Meredith objects to any introduction at trial of testimony of this individual.

2. In addition, the United States designates two individuals, Beth Carr and Jenny Keen, as trial witnesses on two issues: (1) standby pay calculation; and (2) "other matters related to Mr. Meredith's employment with the VA." Carr and Keen were identified in discovery only as persons with knowledge of the calculation of standby pay, which is an issue of damages that is not being tried in this phase of trial. Carr and Keen

were never identified for any other issues, and this Court should not permit their testimony on issues not disclosed to Meredith.

3. The United States lists for the first time two exhibits, nos. 7 and 8 on its Exhibit List, never produced by the United States in this action. Therefore, Meredith objects to the introduction by the United States of these exhibits.

4. Finally, Meredith restates his objection, set forth in his Memorandum of Facts and Conclusions of Law ("Memorandum"), objecting to the United States' introduction into evidence of any alleged facts not disclosed in discovery. As set forth in the Memorandum, the United States' sole statements on why it believed Meredith was exempt from the Fair Labor Standards Act was the government's response to an interrogatory, wherein the government stated that "Mr. Meredith makes personnel decisions regarding the diagnostic radiologic technologists he supervises," and the United States' designee deposition, Robert Cox, when, during many objections made by the United States, Cox stated that the government believes Meredith should not receive overtime because the government classified his SDRT position as an exempt position. Paper 35 at 7. Meredith respectfully requests that the Court not permit the introduction into evidence documents or testimony on issues never disclosed in discovery.

WHEREFORE, Plaintiff John Meredith respectfully requests that the Court: (1) not permit the testimony of Charlene Frantz; (2) not permit the testimony of Beth Carr and Jenny Keen on this phase of trial; (3) not permit the introduction by the United States of Exhibits 7 and 8 on its Exhibit List; and (4) not permit evidence beyond what was disclosed by the United States in discovery.

___/s/___
Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
(410) 494-1005

*Attorney for Plaintiff John Meredith*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July 2008, I served the foregoing Plaintiff's Motion for Leave to File Objections to Defendant United States of America's Witness List and Exhibit List, and Objections to Witness List and Exhibit List by electronic mail to Robert Chandler, Esquire, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street N.W., Washington DC 20530.

.

______________________________
Donna M.B. King